UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANGEL NOEL OSORTO VELASCO,

      *Petitioner,*

v.                               Case No. 3:26-cv-276-JEP-LLL

MARKWAYNE MULLIN,[1] et al.,

      *Respondents.*
_____/

## **ORDER**

Through counsel, Petitioner, an eighteen-year-old detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, an order directing Respondents to immediately release him. (Doc. 1 at 15-16). Petitioner is a citizen of Honduras who first entered the United States as an unaccompanied alien child in 2016; he was released into the custody of his mother, where he remained continuously until he was arrested by law enforcement for an alleged crime[2] and transferred into ICE custody in

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Markwayne Mullin and Todd Blanche are automatically substituted for Kristi Noem and Pamela Bondi, respectively.

[2] According to Petitioner, his state charges remain pending but the case is unable to proceed due to his immigration detention. (Doc. 1 at 6; *see* Doc. 14). Following his arrest, the state court released Petitioner on a $5,000 bond, which was

November 2025. Petitioner contends that his mandatory detention without an individualized bond hearing violates the Fifth Amendment to the United States Constitution and the Immigration and Nationality Act ("INA"). (*See* Doc. 1 at 12-15). At the heart of this case is Petitioner's contention that his detention is governed by 8 U.S.C. § 1226(a)—not § 1225(b)(2)(A). (*See generally* Docs. 1, 14).

This Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, 817 F. Supp. 3d 1260 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026). However, on May 6, 2026, the Eleventh Circuit Court of Appeals took the opposite approach on the substantive issue under the INA, concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden*, --- F.4th ---, No. 25-

---

paid, but Petitioner was immediately transferred to ICE custody. (Doc. 1 at 6; Doc. 14 at 4).

14065, 2026 WL 1243395, at \*14 (11th Cir. May 6, 2026). This Court is bound by the Eleventh Circuit's decision.[3]

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his detention under 8 U.S.C. § 1225(b)(2)(A) violates the INA.[4] Within **two days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

---

[3] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[4] Because the Court grants relief on Petitioner's claim under the INA, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

2. The Warden's motion to dismiss (Doc. 13) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).

3. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on May 12, 2026.

_____

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record

4